IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _____BETHEL_____

KAELYNNE EPCHOOK and WILLIE
LARSON, Individually, et al,

              Plaintiff(s),

vs.

LIFEMED ALASKA, LLC, an Alaska
Limited Liability Company,

              Defendant(s).

CASE NO. __4BE 18- 474__ CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: ___LIFEMED ALASKA, LLC___

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 204 Chief Eddie Hoffman Highway / PO Box 130 Bethel AK 99559 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): David Henderson
    Address: 3003 Minnesota Drive, Suite 203, Anchorage Alaska 99503

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

To: Plaintiff and Defendant

This case has been assigned to Judge __Kari McCrea__

(SEAL)

__12/17/18__
Date

CLERK OF COURT
By: _____
Deputy Clerk

*The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

ATTACHMENT 1
Page 1 of 6

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

KAELYNNE EPCHOOK and )
WILLIE LARSON, Individually, and )
as Parents of their Minor Child, )
M.L., )
　　　　　　　　　　　　　　　　 )
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　 )
vs. )
　　　　　　　　　　　　　　　　 )
LIFEMED ALASKA, LLC, an )
Alaska Limited Liability Company, )
　　　　　　　　　　　　　　　　 )
　　　　Defendants. )
_____) Case No. 4BE-18-__474__ CI

## COMPLAINT

COME NOW Plaintiffs, KAELYNNE EPCHOOK and WILLIE LARSON, by and through counsel, and for their Complaint against Defendant LIFEMED ALASKA, LLC, an Alaska Limited Liability Company, state and allege as follows:

### Jurisdiction and Venue

1. Plaintiffs Kaelynne Epchook [hereinafter "Epchook"] and Willie Larson [hereinafter "Larson"], were and are Alaskan Natives and residents of Kwethluk, Alaska, in the Fourth Judicial District.

2. Plaintiffs are adults and the natural parents of Plaintiff M. L., an infant minor, born on June 6, 2018.

3. Defendant LifeMed Alaska, LLC [hereinafter "LifeMed"] is a limited liability company organized and existing under the laws of the State of Alaska.

4. The errors and omissions giving rise to the instant suit occurred in the Fourth Judicial District of the State of Alaska.

5. This Court has jurisdiction under A.S. 22.10.020(a).

6. Venue is proper in the Fourth Judicial District.

### General Allegations

7. On or about July 7, 2018, M.L. was presented to the emergency room at the Yukon-Kuskokwim Delta Regional Hospital in Bethel, Alaska, with serious and worsening flu-like signs and symptoms.

8. In light of the gravity of M.L's condition, LifeMed was summoned to transport her by air to facilities in Anchorage for more advanced medical treatment.

9. Prior to the flight, employees and/or agents of LifeMed began administering Dopamine to M.L. at 206 cc's per hour.

10. 206 cc's of Dopamine per hour is approximately one hundred times the proper amount for a patient with M.L.'s level of development and profile.

11. While leaving Bethel, LifeMed personnel suddenly realized they were administering a massive overdose of Dopamine to M.L.

12. The massive Dopamine overdose severely and permanently damaged M.L.'s renal system (kidneys), causing end-stage renal disease, hyperkalemia, hypertension, tachycardia, delayed motor skills, and other seriously adverse unintended side-effects.

COMPLAINT
*Epchook v. LifeMed Alaska, LLC*
Case No. 4BE-18-_____ CI         Page 2 of 5

13. M.L. will require a kidney-transplant, and/or prospectively, round-the-clock institutional care and dialysis for the rest of her life.

14. The acts, errors, and omissions alleged herein have proximately caused injury and damage to M.L., including, but not necessarily limited to:

   a) Physical pain and suffering, past and future;

   b) Severe, significant, and permanent physical impairment;

   c) Permanent disfigurement from scarring caused by surgeries;

   d) Emotional distress and psychological injury, past and future;

   e) Inconvenience and loss of enjoyment of life, past and future;

   f) Medical- and treatment-related expenses, including life-care expenses, past and future;

   g) Other pecuniary losses, past and future, including, but not necessarily limited to, lost wages and earnings, lost earning capacity, lost subsistence capability and earnings, and, loss of career and business opportunities.

15. As a proximate result of the acts, errors, and omissions alleged herein, Epchook and Larson have also suffered injuries and damages, including, but not limited to:

   a) Emotional distress and psychological injury, past and future;

   b) Inconvenience and loss of enjoyment of life, past and future;

   c) Loss of domestic and household services, and;

   d) Loss of child consortium.

COMPLAINT
*Epchook v. LifeMed Alaska, LLC*
Case No. 4BE-18-_____ CI        Page 3 of 5

## Cause of Action – Negligence / Recklessness
[On each Plaintiffs' behalf against Defendant LifeMed]

16. Plaintiffs reallege and reincorporate each of the allegations heretofore alleged as if fully-incorporated here.

17. Acting through its agents and employees, defendant LifeMed failed to exercise that degree of skill, care, and knowledge ordinarily exercised and possessed under the circumstances by health care providers in their respective fields, specialties, and certifications.

18. Said lapses and breaches of skill, care, and competence proximately caused the injuries and damages alleged herein.

19. Said lapses and breaches constitute negligence, gross negligence, and recklessness.

20. Defendant LifeMed is liable to each of the Plaintiffs in an amount to be proved at trial.

\* \* \* \* \*

WHEREFORE, Plaintiffs pray for relief as follows:

1) For a judgment in their favor and against Defendant in the minimum sum of $100,000.00 per Plaintiff, the exact amount to be proved at trial;

2) For costs, interest and attorney's fees, and;

3) For such other relief as the court may deem just and appropriate.

COMPLAINT
*Epchook v. LifeMed Alaska, LLC*
Case No. 4BE-18-_____ CI        Page 4 of 5

ATTACHMENT 1
Page 5 of 6

Case 4:19-cv-00001-JWS   Document 1-1   Filed 01/07/19   Page 5 of 6

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska 99503
Phone: (907) 677-1234
dh@henderson-law.com

DATED at Anchorage, Alaska, this 6 day of December, 2018.

LAW OFFICES DAVID HENDERSON
Attorney for Plaintiffs Epchook and Larson

By: _____
David Henderson
ABA# 980601    ABA
0505036

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska 99503
Phone: (907) 677-1234
dh@henderson-law.com

COMPLAINT
*Epchook v. LifeMed Alaska, LLC*
Case No. 4BE-18-_____ CI          Page 5 of 5